# Richmond

## County of Chesterfield, Et Al. v. Charles M. Berberich, Et Al.

December 2, 1957.

Record No. 4684.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Whittle, JJ.

The opinion states the case.

*William H. King* (*Robert H. Patterson, Jr.; McGuire, Eggleston, Bocock & Woods*, on brief), for the appellants.

*Harry L. Snead, City Attorney* and *Harry L. Snead, Jr.* (*Richard L. Jones*, on brief), for the appellees.

WHITTLE, J., delivered the opinion of the court.

[■] The County of Chesterfield and its Board of Supervisors were granted an appeal from a decree entered September 8, 1956, ordering 239 acres of land lying in the county, adjacent to the City of Colonial Heights, to be annexed to the city.

The petition originating the proceeding was filed by Charles M. Berberich and wife, praying that the 239 acres of land be annexed to the city as provided by § 15-152.4, Code of Virginia, 1950, as amended by Acts of Assembly, 1952, chapter 328, pp. 627, 628. The county filed a demurrer to the petition and a motion to dismiss, both of which were overruled. Thereupon the City of Colonial Heights filed an answer to the petition joining in the prayer for annexation.

Fred R. Shepherd filed a petition praying that 44 of the original 239 acres, owned by him, be annexed to the city, and M. D. Goodrich, John A. Snead and Gerald A. Lavenstein filed their petition requesting annexation and asserting that they were the beneficial owners of 195 acres, the remainder of the 239 acres; that they desired to develop said acreage as a residential section but would not do so unless it was annexed to the city.

The county filed its answer opposing annexation.

A pretrial conference was held by the three-judge court on April 3, 1956, and the case was heard on its merits on May 9 and 10, 1956, which hearing resulted in the decree complained of.

The three errors assigned by appliants will be treated in order, the first being:

"The lower court erred in finding it necessary and expedient that the City of Colonial Heights annex the property * * *, since such finding was without evidence to support it and was contrary to the evidence which affirmatively showed that such annexation was neither necessary nor expedient."

While the situation presented is unusual in that petitioners desire

that the property be annexed to the city in order that it may be more profitably developed, this reason alone does not and should not take the issue from the purview of the statute (§ 15-152.4). As stated by the court in its opinion, "The annexation law, of course, was never designed to promote the interest of private developers and real estate subdividers. Code Sec. 15-152.4 was enacted to afford relief to the inhabitants of urban developments adjacent to municipalities, where the city fathers fail to act under Section 15-152.3. The city may be induced to annex the territory if the court finds it to be necessary and expedient." (§ 15-152.11)

The contest here is between the county on the one hand, and the petitioners and the city on the other. Generally in annexation proceedings we find the contest between the county, joined by certain inhabitants within the territory to be annexed, on the one hand, and the city on the other. The evidence must disclose the necessity for and the expediency of annexation. In appraising the evidence, the court, under the statute (§ 15-152.11(b)) was required to consider "the best interests of the county and the city or town, the best interests, services to be rendered and needs of the area proposed to be annexed, and the best interests of the remaining portion of the county."

The burden of showing that annexation was necessary and expedient fell upon petitioners and the city. *Falls Church* v. *Board of Supervisors,* 193 Va. 112, 118, 68 S. E. 2d 96, 100. On this issue the mass of evidence is in conflict. The county contends that by recent annexations the city acquired all the land it reasonably needs; that in 1948 the city annexed land equal to approximately fifty per cent of its theretofore existing area; that in 1953 additional land was annexed which was largely undeveloped; that by virtue of the 1953 annexation the area of the city was increased by 4.7 square miles, thus changing the area from a total of 2.9 square miles to 7.6 square miles; and that for a city with an approximate population of 10,000 this area is reasonably sufficient. Evidence was introduced by the county in an effort to support these claims.

On the other hand, petitioners and the city contended and sought to prove that while the city had large areas of undeveloped land the areas which were readily adaptable to residential use were overcrowded and densely populated. While there is much testimony on the issue of "necessity and expediency", suffice it to say that the court had before it ample evidence upon which to base its finding.

This evidence is strengthened by the view and study made by the court which included a survey of the city, the county, and the acreage sought to be annexed. On appeal, such an opportunity for observation and study of the *locus in quo* is not afforded us, and thus the annexation court had this peculiar means of ascertaining the very right of the case, in addition to having heard the evidence *ore tenus*. *County of Norfolk* v. *Portsmouth*, 124 Va. 639, 644, 98 S. E. 755; *Falls Church* v. *Board of Supervisors, supra,* (193 Va., at p. 119, 68 S. E. 2d, at pp. 100, 101.)

■ The second assignment of error reads:

"The lower court erred in granting annexation * * * for the reason that the evidence wholly failed to show a community of interest between such property and its residents and the city."

The theory of the petitioners in presenting the case was that the land would shortly be developed into a high-grade residential section. It lies immediately adjacent to the city and the annexation decree undertakes to secure its proper development. There is every reason to assume that the same community of interest will prevail between the new citizens in this development when completed that exists between the city and the residents now living within its borders.

While it is true that the territory here sought to be annexed is in the main farm lands inhabited only by the Berberich family, of necessity petitioners projected their evidence and the court projected its finding into the future, presupposing the development of the area. This was clearly warranted by the evidence.

■ The third and final assignment reads:

"The lower court erred in granting annexation * * * for the reason that the policy of the Commonwealth requires that such property, being entirely rural and undeveloped save for agricultural purposes, remain under county government."

We reaffirm our holding that generally the policy of the Commonwealth of "placing urban areas under city government and keeping rural areas under county government" should prevail. *County of Norfolk* v. *Portsmouth*, 186 Va. 1032, 1044, 1045, 45 S. E. 2d 136, 141. In determining the policy, however, the question oftimes arises as to what territory is to be deemed rural and what is to be classified as urban. The acreage here involved lies fast by the borders of the city and when developed as contemplated and required by the annexation decree it will become urban and thus should be subject to city government. The annexation court, commenting on this, said:

"It could scarcely be argued that a city could not petition to annex an area simply because it comprised only one parcel with only two inhabitants, and we see no just reason why the petition should not be filed by two inhabitants. The real question is whether annexation is desirable and expedient. Secs. 15-152.3 and 152.4 simply tell us who is to institute the proceeding. In our opinion, the fact that the area is now barren of urban development does not, of itself, prohibit the annexation * * *. (T)he farm lands immediately adjoining city limits peculiarly adaptable for urban development should not be regarded strictly as rural, especially where it is reasonably anticipated that urban development is imminent."

We agree with this conclusion.

In treating this case the able three-judge court, after considering the mass of evidence introduced and after its careful view and study, found the facts and detailed them in a written opinion, a part of which reads:

"The property proposed to be annexed adjoins the northern line of Colonial Heights. It consists of farming land and woods and has upon it one or two dwellings. At present it has no adequate road leading from the Richmond-Petersburg Pike for a subdivision. Its area and value are insignificant in comparison to the area and value of the balance of Chesterfield County.

"The subdividers testified that they proposed to make this a relatively high class subdivision with houses costing from $18,000 to $22,000, and that people had already shown an interest in purchasing lots and that they had conditionally sold 12 lots to individuals at $3,000 a piece and a considerable number to builders at a less price of about $2,200 per lot; that if the land is annexed to Colonial Heights they will build an adequate bridge across Swift Creek to connect with one of the streets in Colonial Heights, and they will build the roads in the subdivision. Colonial Heights has agreed, if the land is annexed, to build the approaches to the bridge and to furnish water, sewers and lights as they are needed.

"From our inspection and from the testimony in this case, the land east of the A. C. L. [Atlantic Coast Line Railroad] tracks would not be suitable for a subdivision such as is proposed for the land here asked to be annexed and there is not land in Colonial Heights west of said tracks suitable for such a subdivision.

"Because there seems to be a need for land for a better residential section at Colonial Heights and Colonial Heights has among other

things, agreed to furnish sewer service to this area, we are of the opinion that it is necessary and expedient that the 239 acres be annexed to Colonial Heights.

"The order of annexation should set out what the subdividers are to do and that Colonial Heights should furnish the same services to the annexed area that they do in the present area of Colonial Heights, including furnishing water, sewer and light service as the same may be needed, * * *."

We have repeatedly held in annexation proceedings that the trial court's decision of fact upon conflicting evidence is binding on us unless it is plainly wrong or without evidence to support it. *Henrico County* v. *Richmond*, 177 Va. 754, 782, 15 S. E. 2d 309, 318; *Falls Church* v. *Board of Supervisors*, *supra*, (193 Va., at pp. 119, 120, 68 S. E. 2d, at p. 101).

For the reasons stated the unanimous decision of the annexation court is

*Affirmed.*